Battle, J\
 

 If a party to a suit in the County Court be deprived, by the fraud of his opponent, of a defense which can be made in that Court only, he can have no other mode of redress, than by application to a Court of Equity, whose peculiar province it is to relieve against mistake, accident, surprise, or fraud.
 
 Watts
 
 v. Boyle, 4 Ire. Rep. 331. The same mode of redress is the only one open to him, against whom an unconscientious judgment has been obtained in the Superior Court, because, if there be no error apparent on the record, there is no appellate tribunal which can give relief. But if the defense, which, but for the fraud, might have been availed of in the County Court, be of a kind which, upon an appeal to the Superior Court, is equally cognizable there, then, the latter Court will, when the appeal has been lost without any default of the party, afford relief by means of the writ of
 
 certiorari.
 
 And, if the judgment were taken by default, it
 
 *177
 
 •will be set aside, and tbe party allowed to plead so as to have a trial upon the merits.
 
 Dyer
 
 v.
 
 Rich, 2
 
 Car. Law Repos. 610;
 
 Hunter
 
 v.
 
 Kirk,
 
 4 Hawks’ Rep. 277;
 
 Dougan
 
 v.
 
 Arnold,
 
 4 Dev. Rep. 99. These eases fully warranted this Court iu saying, in
 
 Betts
 
 v.
 
 Franklin,
 
 4 Dev. and Bat. Rep. 465, and again, in
 
 Kelsey
 
 v.
 
 Jervis,
 
 8 Ire. Rep. 451, that “ it is true, a
 
 certiorari
 
 has been allowed, and properly, where the judgment in the County Court was by default; and upon it the judgment has been set aside, and the defendant allowed to plead.” The Court then goes on to say that this “ can never be done, unless the party show two things : first, an excuse for the laches in not pleading, and secondly, a good defense.” The defendant in the present case, then, is entitled to the relief which he- seeks, if he has shown what we have thus seen it is necessary for hinvto do. The allegations contained in his petition are not denied, and we must, therefore, take them to be true. His excuse for not pleading to the suit in the County Court is, that the plaintiff’s attorney told him that the suit would be dismissed at the plaintiff’s cost, and that such was the understanding-between him and Price, the principal debt- or. Surely a better excuse for the defendant’s
 
 laches
 
 could not well be rendered. His defense is, that his principal debt- or deposited with him as collateral security, certain goods which he has reason to believe, and does believe, went into the hands of the plaintiff, and were- applied by him, in some way, in discharge of the debt, and he believes that if an opportunity be allowed, he can prove it. The plaintiff’s counsel objects that this is not stated with sufficient certainty; but we cannot sec how it could properly be stated in any other manner. The defendant does not profess to have a personal knowledge of the matter, and it would be very hard to deprive him of a defense which he could establish by the testimony of others, merely because he did not happen to know it himself. Our conclusion is, that the Judge in the Court below erred iu making the order to dismiss the writ of
 
 certiorari:
 
 therefore the order must be reversed, and this must be
 
 *178
 
 certified, to tbe end that tbe parties may proceed with tbe cause.
 

 Pee Curiam.
 

 Judgment reversed.